## Commonwealth v. Robnett

*Martin Burmon*, for Commonwealth.

In Propria Persona.

LORD, *J.*, March 31, 1983—Before this court is the appeal of defendant Annie Lois Robnett from the suspension of her operating privileges. Defendant was the owner of an uninsured motor vehicle in which she had an accident. As a result of injuries received, she filed a claim under the Pennsylvania Assigned Claims Plan. See Pennsylvania No-fault Motor Vehicle Insurance Act, 40 Pa. C.S.A. §1009-108. Her claim was assigned to the plaintiff, Liberty Mutual Insurance Company, as designated servicing insurance company, who paid out the appropriate benefits. Liberty Mutual then proceeded under §501 of the No-Fault Act, 42 Pa. C.S.A. §1009.501, and attempted to collect from the defendant the benefits so paid. An arbitration hearing was held and a default judgment entered against defendant. As a result, defendant's operating privileges were suspended in accordance with §1742 of the Vehicle Code, 75 Pa.C.S.A. §1742.

Defendant's argument on appeal is that she was not at fault in the accident and therefore, §1742 does not apply to her. We disagree. Defendant was the owner and operator of an uninsured motor vehicle and processed her claims under the No-fault Act. Section 501 of that Act, 40 Pa. C.S.A. §1009.501, provides as follows:

The obligor obligated to pay basic loss benefits for accidental bodily injury to a person occupying a motor vehicle, the owner of which is uninsured pursuant to this act or to the spouse or relative resident in the household of the owner or registrant of such motor vehicle, shall be entitled to recover all the benefits paid and appropriate loss or adjustments costs incurred from the owner or registrant of such motor vehicle or from his estate. The failure of the person to make payment within thirty days shall be grounds for suspension or revocation of his motor vehicle registration and operator's license.

Thus, the act considered the situation where an uninsured motorist does not repay the insurer in accordance with §501 and specifically makes suspension and/or revocation of operating privileges a proper penalty. More importantly, the act makes no distinction between the uninsured motorist who is at fault and the one who is not at fault. Clearly, the intent is to penalize those motorist's who are uninsured, not those who are at fault.

Accordingly, defendant's appeal is overruled and the suspension of defendant's operating privileges is affirmed.

## ORDER

And now, this March 31, 1983, it is hereby ordered that the suspension of defendant Annie Lois Robnett's operating privileges by the Department of Transportation is affirmed.